UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDRES PERLAZA AGUIRRE,

        Petitioner,

v.                                      Case No. 5:23-cv-491-BJD-PRL

WARDEN, FCC COLEMAN- LOW,

        Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, Andres Aguirre, initiated this action on August 7, 2023, by filing a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). In his petition, Petitioner challenges his sentence and as grounds for his challenge, states he "was sentenced at the highest of all defendants" and had the "lowest level in activity on the boat with drugs[.]" Doc. 1 at 6. As relief, Petitioner inexplicably asks the Court to order "defendant to provide benefit of (FSA)(Federal Time Credit)[.]" Doc. 1 at 7.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" *McCarthan v. Dir. of Goodwill Indus.-Suncoast*, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e). The Eleventh Circuit Court of Appeals has stated that a remedy under § 2255 is "inadequate or ineffective to test the legality" of a federal prisoner's detention in three circumstances:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730-31 (11th Cir. 2017). *McCarthan* makes clear that "'ordinary sentencing challenges' may not be brought under § 2241." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting *McCarthan*, 851 F.3d at 1091-94). "[A]ny cognizable claim that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Id*. (quotations and citation omitted).

Here, Petitioner challenges the validity of his sentence, not the execution of his sentence, and asserts claims that he could have brought under § 2255. Doc.1 at 6-7. Petitioner may not proceed with such claims under § 2241 because the limited circumstances under which the saving clause applies are not present. The court that sentenced Petitioner remains available, he does not challenge the deprivation of good-time credits or a parole determination, and

he does not identify any practical considerations that might prevent him from filing a § 2255 petition. Accordingly, Petitioner cannot proceed under § 2241, and his petition is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of August, 2023.

_____
BRIAN J. DAVIS
United States District Judge

c:
Andres Perlaza Aguirre, #53556-509